# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | ED CV 19-2264-FMO (DFM) | Date: | December 19, 2019 |
|---|---|---|---|
| Title | Raymond Garcia II v. San Bernardino et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On November 26, 2019, Raymond Garcia II ("Petitioner"), a state prisoner, filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). The Petition was accompanied by a "Legal Brief." See Dkt. 2.

Petitioner is ORDERED TO SHOW CAUSE in writing within 28 days of the service of this Order why the Petition should not be dismissed for failure to exhaust and lack of a cognizable legal claim.

### I. Various State Court Proceedings

According to public court records, in May 2013, Petitioner pleaded guilty to one count of receiving stolen property and was placed on three years' probation. On October 2, 2014, Petitioner pleaded guilty to violating the terms of his community supervision and was sentenced to 180 days in prison. On May 1, 2015, Petitioner pleaded guilty to violating California Penal Code § 30305(a)(1), possession of ammunition by a prohibited person, and was sentenced to a term of two years and eight months.

After Petitioner was released, he pleaded guilty to violating the terms of his community supervision on several occasions: August 23, 2016 (sentenced to 60 days), May 22, 2017 (sentenced to 90 days), and September 25, 2017 (sentenced to 120 days). On October 18, 2017, Petitioner pleaded no contest to violating California Penal Code § 186.22(a), unlawfully and actively participating in a criminal street gang, and was sentenced to three years of probation with 130 days in jail. On January 14, 2019, the trial court

revoked Petitioner's probation, and on March 25, 2019, reinstated his probation and amended one probation term by increasing Petitioner's jail sentence to 365 days with 109 days of presentence custody credits. On October 20, 2019, Petitioner was arrested for again violating § 186.22(a). On December 12, Petitioner was released to state prison.

## II.     Petitioner's Grounds for Relief

The Petition is mostly unintelligible. As best the Court can decipher, Petitioner claims he is being held in custody past his release date. Petitioner appears to suggest that his community supervision could have been revoked only prior to January 2018, his original maximum incarceration date. Petitioner also makes various references to "entrapment by estoppel" and misconduct on behalf of his Probation Officer.

## III.    Discussion

At present, the Petition appears to suffer from several deficiencies.

First, lack of exhaustion. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Here, there is no indication that Petitioner presented any of his claims to the state court.

Second, lack of a cognizable federal claim. The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241. It does not provide a remedy for alleged errors in the interpretation or application of state law. Id. Here, Petitioner appears to argue that he should not have been given an additional period of incarceration when he violated his community supervision. This, however, is at most an error of state law. The writ of habeas corpus is not available to correct simple errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). To justify relief, Petitioner must establish a violation of his federal rights, which he has not done.

**Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed for the reasons stated above by filing a written response no later than twenty-eight (28) days after he is served with this Order. Petitioner is advised to present specific facts to the Court to show that he has exhausted his claims. Petitioner is warned that his failure to timely respond to this Order will result in the Court dismissing this action with prejudice as untimely and for failure to prosecute. See Fed. R. Civ. P. 41(b).**